◼ In the Matter of the Claim of the Estate of JAMES McCREESH, Deceased, Respondent, v. MONTROSE CONSTRUCTION CO. et al., Appellants, and MASON & HANGER, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent. — REYNOLDS, J. Appeal by the emloyer and its carrier from a decision and award of the Workmen's Compensation Board. The appellants raise questions of last employment and apportionment (Workmen's Compensation Law, § 44) and of the refusal by the Referee to accept a written statement of claimant in addition to his sworn statement under oath. With respect to the questions of last employment and apportionment, these issues were not raised in the written application for review nor in the oral argument before the board and thus cannot be considered on this appeal (see, e.g., *Matter of Hedlund* v. *United Exposition Decorating Co.*, 15 A D 2d 973, mot. for lv. to app. den. 11 N Y 2d 646; *Matter of Chersi* v. *Lulich Constr. Co.*, 19 A D 2d 672). Similarly we need not now pass on the refusal of the Referee to accept into evidence claimant's sworn statement since the statement bears solely on the question of apportionment, which remains to be determined. Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.

◼ In the Matter of the Claim of MELVIN SCHWARTZ, Respondent, v. WALTER SCOTT & Co., INC., et al., Appellants, and BELNORD HOLDING CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam*. Appeal by Walter Scott & Co., Inc., and its insurance carrier from a decision of the Workmen's Compensation Board barring their right to question the board's earlier finding that the former was the employer of claimant at the time of his injury and thus liable for the payment of awards made to him for the period from June 28, 1955 to June 21, 1956. Since the 1955 accident, Scott had repeatedly admitted the employment status found by the board, not only in these proceedings under the Workmen's Compensation Law but in a third-party action in Supreme Court, where a similarly belated application to retract its admissions, by amendment of its pleading, was denied. The rights and relationships of the parties in both litigations have been established and followed too long to permit an upheaval at this late date. Quite aside from that consideration, the question of inordinate procrastination was one of fact. We cannot say as a matter of law that the discretion exercised by the board was arbitrary. On this record, the rejection of appellant carrier's arguments was proper in light of the knowledge which its insured concededly had or should have had as to the identity of the true employer. (Cf. Workmen's Compensation Law, § 54, subd. 2; *Matter of Lambright* v. *St. Luke's Hosp.*, 3 A D 2d 613, affd. 3 N Y 2d 832.) Decision affirmed, with costs to respondents Belnord Holding Corporation and Greater New York Mutual Insurance Company. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.